**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Norman Quinton Hunt, Appellant.

Appellate Case No. 2014-001092

Appeal From Greenville County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2016-UP-195
Submitted February 1, 2016 – Filed May 11, 2016

**AFFIRMED**

Thomas J. Quinn, of the Quinn Law Office, of
Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, for Respondent.

**PER CURIAM:** Norman Quinton Hunt appeals his convictions for two counts of first-degree criminal sexual conduct (CSC) with a minor, one count of second-degree CSC with a minor, and one count of lewd act upon a child. Hunt argues the

trial court erred in finding a witness's testimony was admissible as evidence of a prior bad act under Rules 403 and 404(b), SCRE.

We find the trial court did not err in admitting the witness's testimony. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (citation omitted)).

First, we find the trial court correctly found clear and convincing evidence of Hunt's previous abuse of the witness. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts . . . [may] be admissible to show . . . the existence of a common scheme or plan . . . ."); *Pagan*, 369 S.C. at 211, 631 S.E.2d at 267 ("If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing."); *State v. Tutton*, 354 S.C. 319, 325, 580 S.E.2d 186, 189 (Ct. App. 2003) (noting that this court is bound by a trial court's finding of the existence of clear and convincing evidence of other bad acts unless the finding was clearly erroneous).

Second, we find the trial court did not err in determining the similarities of the previous abuse and the abuse for which Hunt was on trial outweighed the dissimilarities. *See Tutton*, 354 S.C. at 326, 580 S.E.2d at 190 (noting that after the trial court has determined the defendant committed the prior bad act, the next determination is whether the act falls under the common scheme or plan exception); *State v. Taylor*, 399 S.C. 51, 59, 731 S.E.2d 596, 601 (Ct. App. 2012) ("Evidence of other crimes, wrongs, or acts is admissible to show a common scheme or plan when a 'close degree of similarity [exists] between the crime charged and the prior bad act.'" (alteration in original) (quoting *State v. Gaines,* 380 S.C. 23, 30, 667 S.E.2d 728, 731 (2008))); *id.* (noting if the similarities between the bad act and the crime charged outweigh the dissimilarities, the bad act evidence is admissible as evidence of a common scheme or plan); *id.* at 59-60, 731 S.E.2d at 601 ("In sexual abuse cases, the trial court should consider all relevant factors in determining the degree of similarity, including '(1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery.'" (quoting *State v. Wallace,* 384 S.C. 428, 433-34, 683 S.E.2d 275, 278 (2009))); *State v. Scott*, 405 S.C. 489, 504, 748 S.E.2d 236, 245 (Ct. App. 2013)

("[T]here exists no set time limit beyond which a prior bad act is simply, *per se,* too remote.").

Third, we find the trial court properly determined that the probative value of the witness's testimony was not substantially outweighed by the danger of unfair prejudice. *See Wallace*, 384 S.C. at 435, 683 S.E.2d at 278 ("Once bad act evidence is found admissible under Rule 404(b), the trial court must then conduct the prejudice analysis required by Rule 403, SCRE."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Tutton*, 354 S.C. at 325, 580 S.E.2d at 189 ("[When] the evidence of the bad acts is so similar to the charged offense that the previous act enhances the probative value of the evidence so as to outweigh its prejudicial effect, it is admissible."). Accordingly, the decision of the trial court is affirmed.

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.